# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA RUSSELL, JIM SPLAIN, SUE SPLAIN, JANELLE SPLAIN, SUSAN HOUSEL, JOHN CHAFFEE, CAROL FRENCH, CLAUDE ARNOLD, LYNSEY ARNOLD, CAROLYN KNAPP, N.K., A MINOR BY CAROLYN KNAPP, GUARDIAN; M.K., A MINOR BY CAROLYN KNAPP, GUARDIAN, and ALLISON KOLESAR, <br><br> Plaintiffs, <br><br> v. <br><br> CHESAPEAKE APPALACHIA, L.L.C., <br><br> Defendant. | No. 4:14-CV-00148 <br><br> (Judge Brann) |

## **ORDER**

### OCTOBER 1, 2018

On December 27, 2013, Plaintiffs filed a five-count complaint in the Court of Common Pleas in Dauphin County, Pennsylvania against defendants Chesapeake Appalachia L.L.C. ("Chesapeake") and Nabors Completion & Production Services, Co. f/k/a Superior Well Services, Inc. ("Nabors").[1] Plaintiffs

---

[1] *See* Complaint (ECF No. 1-1).

allege that the noise, traffic, lights, and other aspects of Defendants' natural operations constitute nuisance and negligence.[2]

Chesapeake and Nabors removed the action to this Court and moved to dismiss plaintiffs' complaint.[3] This Court then dismissed the plaintiffs' claims for punitive damages and negligence *per se* without prejudice and with leave to amend, dismissed plaintiffs' negligence *per se* claim to the extent it was based on the Pennsylvania Solid Waste Management Act, 35 P.S. § 6018.101 *et seq*., with prejudice, and compelled four plaintiffs to arbitration.[4] This Court also dismissed defendants' Motion to Sever and Motion for a Lone Pine Case Management Order without prejudice.[5]

The thirteen remaining plaintiffs—Sheila Russell, Jim Splain, Sue Splain, Janelle Splain, Susan Housel, John Chaffee, Carol French, Claude Arnold, Lynsey Arnold, Carolyn Knapp, N.K., M.K., and Allison Kolesar—filed an amended complaint in this Court on December 12, 2014, maintaining allegations of nuisance and negligence.[6] Defendants renewed their Motion for a Lone Pine Case

---

[2] *See* Complaint (ECF No. 1-1).

[3] *See* Notice of Removal (ECF No. 1); Motion to Dismiss (ECF No. 4).

[4] *See* Order (ECF No. 33).

[5] *Id*.

[6] *See* Amended Complaint (ECF No. 34).

Management Order[7] and their Motion to Sever on December 24, 2014.[8] This Court denied both without prejudice on March 2, 2015.[9]

On October 28, 2016, Nabors was dismissed pursuant to a stipulation of voluntary dismissal.[10] On May 12, 2017, parties filed a joint motion for extension of time to complete discovery.[11] This Court approved that motion, extending the discovery deadline until February 16, 2018 and the dispositive motions deadline until April 16, 2018.[12]

Chesapeake filed a Motion for Summary Judgment on April 16, 2018.[13] Chesapeake argued in part that plaintiffs' negligence and nuisance claims were barred by the statute of limitations. Plaintiffs filed a brief in opposition on June 4, 2018 withdrawing their negligence claims.[14] Chesapeake filed a reply brief on June 18, 2018.[15]

The sole claim before this Court is for common law nuisance.

---

[7] *See* Defendants' Renewed Motion for Lone Pine Case Management Order (ECF No. 36).

[8] *See* Defendants' Renewed Motion to Sever (ECF No. 38).

[9] *See* Order (ECF No. 46).

[10] *See* Stipulation of Voluntary Dismissal (ECF No. 58); Order Approving Stipulation of Dismissal (ECF No. 59).

[11] *See* Joint Motion (ECF No. 61).

[12] *See* Order (ECF No. 62).

[13] *See* Chesapeake's Motion for Summary Judgment (ECF No. 66).

[14] *See* Plaintiff's Brief in Opposition (ECF No. 71).

[15] *See* Chesapeake's Reply Brief (ECF No. 74).

As a result of this Court's further review of this matter, **IT IS HEREBY ORDERED** that:

1. Each party **SHALL SUBMIT A SUPPLEMENTAL BRIEF** addressing the following specific issues and any related issues:

    a. Whether, for limitations purposes, Chesapeake's actions constitute a permanent or a continuous nuisance. In answering that question, parties shall consider whether plaintiffs' claims concern a "permanent change in the condition of the land" or if plaintiffs alleges separate, independent injuries by weighing the following factors:

    i. "the character of the structure or thing which produces the injury;

    ii. whether 'the consequences of the [nuisance] will continue indefinitely'; and,

    iii. whether the 'past and future damages' may be predictably ascertained";[16]

    b. Whether the discovery rule, if it applies, tolls the limitations period for each plaintiff's nuisance claim;

---

[16] *Cassel-Hess v. Hoffer*, 44 A.3d 80, 87-88 (Pa. Super. 2012); *see also Sustrik v. Jones & Laughlin Steel Corp.*, 197 A.2d 44, 46-47 (Pa. 1964), *Graybill v. Providence Twp.*, 593 A.2d 1314, 1316-1317 (Pa. Commw. Ct. 1991) (*en banc*), *affirmed per curiam*, 618 A.2d 392 (Pa. 1993).

    c.    Whether plaintiffs' claims should be severed, if at all, in advance of this Court's consideration of defendant's Motion for Summary Judgment since discovery has now concluded. *See* Memorandum (ECF No. 45) at 7-8 ("Keeping the claims together during the discovery phase of the litigation would not prejudice any party, and may encourage efficiency. The primary prejudice would arise if misjoined parties or claims were allowed to go to trial before jurors, which may cause confusion. The Court and the Parties enjoy the opportunity to revisit this issue before that could occur.").

2. Each supplemental brief shall be submitted by October 15, 2018, consistent with the Middle District Local Rule 7.8(b)(1) and (2).

3. Each party may file a response to the opposing party's supplemental brief, not exceeding ten pages, by October 22, 2018.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge